Filiberto GARCIA, Appellant,

v.

Flavio CANALES, Appellee.

No. 14871.

Court of Civil Appeals of Texas, San Antonio.

July 1, 1970.

Bloch & Walton, Rockport, for appellant.

Pope & Pope, Rio Grande City, for appellee.

CADENA, Justice.

Defendant, Filiberto Garcia, a resident of Nueces County, appeals from an order of the district court of Starr County overruling his plea of privilege to be sued in his domiciliary county.

In this suit plaintiff, Flavio Canales, seeks to recover for alleged conversion by defendant of various items of personal property belonging to plaintiff. He seeks to maintain venue in Starr County under Subdivision 9 of Article 1995, Tex.Rev.Civ. Stat.Ann., which permits a suit for trespass to be maintained in the county where the trespass occurred.

In order to come within the "trespass" exception, plaintiff had the burden, at the plea of privilege hearing, of establishing by a preponderance of the evidence that defendant committed a trespass in Starr County, the county in which the suit was filed. 1 McDonald, Texas Civil Practice, Sec. 4.17.1, p. 473 (1965). Defendant, while conceding that a conversion of personalty is a "trespass" within Subdivision 9, asserts that the evidence is insufficient to support the finding that he committed any act of conversion in Starr County.

The only testimony concerning conversion came from plaintiff. It is undisputed that defendant purchased, at a foreclosure sale, certain lands in Starr County formerly owned by plaintiff. According to plaintiff, at the time that defendant took possession under the trustee's deed, various items, principally livestock and ranching equipment, of plaintiff's personal property were on the lands. Although plaintiff testified he had not seen such personal property since defendant went into possession of plaintiff's former lands, the only testimony which tends to show a conversion by defendant is found in plaintiff's statements relating to some cattle, a mare, a registered bull and some saddles.

Plaintiff declared that he had not seen any person remove any cattle from the Starr County land, although he "understood" that some cattle had been removed and sold. At one point in his testimony he stated that he had seen defendant move some cattle from one of the tracts of land, but when asked when he saw defendant do so, he answered, "Well, I do not have a recollection of that, except that I was called when he was moving the cattle from the place to Hebbronville for sale, but I could not go because I was sick."

At another point, plaintiff testified that, while in Kingsville, he had seen one of his mares "that was removed from there." But there is no testimony to the effect that defendant participated in such removal.

With reference to the registered bull, plaintiff testified that he sent Ralph Carpenter to ask defendant to deliver plaintiff's bull, and that defendant refused to do so. However, plaintiff admitted that he did not know whether Carpenter had made such a request and that his testimony was based entirely on what Carpenter had reported to him. He was not present at the time of the alleged demand and refusal, but said he "knew" it had occurred because Carpenter was "trustworthy."

The only other specific personalty mentioned in plaintiff's testimony consisted of some saddles which he said were at defendant's ranch. But plaintiff merely said that he did not know the whereabouts of such saddles.

It is undisputed that plaintiff made no request or demand that defendant deliver to plaintiff any of the livestock or equipment in question. He explained this by saying that defendant kept the gates to the ranches locked.

■ Here, defendant acquired possession of the property claimed by plaintiff in a non-tortious manner. The livestock and equipment were, according to plaintiff's testimony, on land which defendant had purchased at foreclosure sale. Where a defendant has acquired possession lawfully and without fault, plaintiff must show either a refusal by defendant to deliver the property to plaintiff on demand, or conduct by defendant amounting to a repudiation of plaintiff's right, or conduct on the part of defendant amounting to an exercise of dominion over the property, wrongfully and in denial of, or inconsistent with, plaintiff's rights. 14 Tex.Jur.2d, Conversion, §§ 3, 4, pp. 11–12.

■ Even if we consider only plaintiff's testimony, disregarding defendant's denial that he ever came into possession of property belonging to plaintiff, the evidence does no more than establish that plaintiff saw one of his mares in Kingsville and that he has not seen any of the cattle which he claims to have owned. Assuming that this testimony is sufficient to show a conversion by some one, there is no evidence connecting defendant with such tortious conduct. The testimony concerning defendant's refusal to surrender plaintiff's registered bull is hearsay and lacks probative force. The same is true of plaintiff's assertion that he knows that the cattle were removed and sold by defendant.

The fact that defendant kept the gates to his ranch land locked is no evidence of a conversion of plaintiff's property. Defendant owed no duty to plaintiff to keep the gates unlocked. There is no evidence that plaintiff sought to enter defendant's land for the purpose of finding his cattle, nor is there any evidence that plaintiff ever requested, and was refused, permission to enter defendant's land.

As far as the saddles are concerned, plaintiff's testimony amounts to no more than a confession of his ignorance as to their whereabouts.

The judgment of the trial court is reversed and judgment is here entered sustaining the plea of privilege and ordering the cause transferred to Kleberg County. The cause is remanded to the district court of Starr County and the clerk of such court is directed to proceed in accordance with Rule 89, T.R.C.P.